THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KEVIN AND SALLY SWANSON, | ) | Case No. 2:10cv01258-DS |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | MEMORANDUM DECISION AND ORDER ADDRESSING |
| U.S. BANK, NA as TRUSTEE FOR THE HOLDERS OF CSMC 2006-7, et al., | ) | MOTION TO STRIKE MOTION FOR REMAND |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Plaintiffs filed a complaint in Utah's Third Judicial District Court naming as defendants U.S. Bank, BAC Home Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Defendants BAC and MERS removed the case to this court alleging diversity jurisdiction. Those defendants represented in the Notice of Removal that U.S. Bank consented to the removal.

Plaintiffs have moved for remand of this matter to state court based on deficiencies in the Notice of Removal, specifically that it fails to establish complete diversity and because only two of the three defendants filed or properly joined in the removal notice there is not unanimity . After briefing on the Motion for Remand was complete, Defendants filed a Motion to Strike Motion for Remand, or for Leave to Amend Notice of Removal (Doc. #19). It is that Motion that is presently before the Court. For the reasons

that follow, the Court denies the Motion to Strike, as well as the alternative Motion for Leave to Amend.

## II. DISCUSSION

### A. Motion to Strike

As support for their Motion to Strike, Defendants' assert that because the filing of an Amended Complaint is affirmative activity in federal court, Plaintiffs have waived any procedural defects in the original removal. They contend that "[e]ssentially, the Amended Complaint was an effort to add U.S. Bank as an actual party and thereby create a procedural defect in the removal of this case" and that "[b]y amending their complaint to add claims and in effect add U.S. Bank as a party, Plaintiffs have waived any claim to a procedural defect in the original notice of removal." Reply at 2.

The Tenth Circuit, like other courts, has recognized, as a general rule, that the issue of improper removal may be waived by seeking relief from the federal court, or invoking federal jurisdiction by amending the complaint to add parties after removal. *American Oil Co. v. McMullin*, 433 F.2d 1091, 1094 (10th Cir. 1970); *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999). However, it does not appear that the Tenth Circuit has explicitly adopted waiver in the context presented here, where the plaintiffs, as a matter of right and without leave of court, amended their complaint in

response to a motion to dismiss, while their motion to remand was pending.

In such circumstances this Court is not persuaded that Plaintiffs waived their right to seek remand because there was no affirmative federal court conduct prior to filing their Motion for Remand. Plaintiffs' Amended Complaint was an amendment as of right filed in response to Defendants' Motion to Dismiss. They neither sought, nor received, any affirmative act by the court. *See Newport v. Dell, Inc.*, No. Civ. 08-096, 2008 WL 2705364 (D. Ariz. July 2, 2008)(filing of amended complaint as an amendment as of right and in response to defendants' motion to dismiss was not affirmative federal court conduct prior to filing a motion for remand); *Heery International, Inc. v. DeKalb County School District*, No 1:10CV3835, 2011 WL 336856 (N.D. Ga. Jan. 31, 2011)(filing of amended complaint is not an affirmative action such that it is a waiver of plaintiff's right to seek remand); *Continental Ins. Co. v. Foss Maritime Co.*, No. C 02-3936, 2002 WL 31414315 at *8 (N.D. Cal. Oct. 23, 2002)("filing a motion to dismiss did not waive plaintiff's right to file a motion to remand, and the motion to remand is still viable"). Moreover, Plaintiffs have objected to removal from the outset. They specifically noted in their Amended Complaint that they were challenging the Court's jurisdiction by means of a motion to remand. *See* Am. Compl. at ¶ 11. To characterize Plaintiffs as having consented to accept the

court's jurisdiction by the filing of an Amended Complaint flies in the face of that adherence to their jurisdictional and procedural challenge to removal.

The cases cited and relied upon by Defendants are distinguishable from the present case and, in the Court's opinion, unpersuasive. For example, in *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999), waiver was found where the amended complaint added parties after removal of the case. Under those circumstances, the court reasoned that "plaintiffs cannot voluntarily invoke, and then disavow, federal jurisdiction". *Id.* at 1036. Such is not the case here. U.S. Bank was a named defendant in the complaint filed in state court and when the matter was removed to this court. In *Koehnen v. Herald Fire Ins.* Co., 89 F.3d 525, 528 (8th Cir. 1996), plaintiff was found to have engaged in affirmative federal court conduct by waiting to move for remand until after he had an adverse dispositive order entered against him. In *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40 (5th Cir. 1989), significant discovery had taken place in federal court for almost a year and defendants had moved for summary judgment prior to the plaintiff seeking remand. And in *Tolton v. American Biodyne, Inc.* 48 F.3d 939, 941 (6th Cir. 1995), the amended complaint included a federal question cause of action. None of the forgoing circumstances are present here.

In sum, the Court concludes that Defendants have failed in their burden of persuasion and their Motion to Strike must be denied.

**B. Alternative Request for Leave to Amend**

Defendants' alternative request for leave to amend their Notice of Removal is also rejected. As Plaintiffs note, removal statutes are strictly construed and require strict compliance. *Fajen*, 683 F.2d at 333. In the Court's opinion, Defendants have provided no viable argument justifying the relief requested.

**III. CONCLUSION**

For the reasons stated, Defendants Motion to Strike Motion for Remand or for Leave to Amend Notice of Removal (Doc. #19) is denied.

IT IS SO ORDERED.

DATED this 26th day of April, 2011.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT