THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KEVIN AND SALLY SWANSON, | ) | Case No. 2:10cv01258-DS |
| Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER ADDRESSING MOTION TO REMAND |
| U.S. BANK, NA as TRUSTEE FOR THE HOLDERS OF CSMC 2006-7, et al., | ) ) ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiffs move for remand of this matter to the state court from which it was removed, (Doc. #8), asserting that the removal is deficient because it fails to establish complete diversity and because only two of the three defendants filed or properly joined in the removal notice.

Plaintiffs filed a Complaint in Utah's Third Judicial District Court naming as defendants U.S. Bank, BAC Home Loans Servicing, LP ("BAC") and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs state that they served the Complaint on U.S. Bank NA on December 1, 2010. Defendants BAC and MERS filed a Notice of Removal on December 21, 2010, asserting subject-matter jurisdiction based on diversity of the parties. Those two Defendants represented in the Notice of Removal that U.S. Bank consented to the removal.

## II. DISCUSSION

A defendant may remove any civil action brought in a state court if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id*. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Removal statutes are to be strictly construed ... and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir. 1982).

**A. Joinder**

Where there are multiple defendants, subject to certain statutory exceptions not relevant here, all defendants served at the time of filing must join in the notice of removal. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999); *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). If this requirement is not met, the notice

of removal is procedurally defective. *Id*. *See* 28 U.S.C. § 1447(c) (a defect in the removal procedure is one of two grounds specified for remand). Plaintiffs assert that this case must be remanded because Defendant U.S. Bank did not consent to removal within the allowable time period. The Court agrees.

The parties acknowledge that the Tenth Circuit has not weighed in on what specifically is necessary to satisfy the requirement that all defendants join in the removal petition. This Court, however, has previously held that "although all defendants need not sign the same notice of removal, each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed." *Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995). "There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice or removal, or file a written consent or written joinder to the original notice of removal." *Id.* at 1255.

Defendants' position, that because the Notice of Removal states that U.S. Bank consented to the removal it properly manifest its joinder in the removal making consent unanimous, is

rejected.[1] The Notice of Removal simply states that "U.S. Bank, N.A. has consented to the removal of this case." Notice of Removal at ¶8. Although, Defense counsel state that they now are also counsel to U.S. Bank, on its face the Notice of Removal is signed only by attorneys representing Defendants BAC and MERS, not U.S. Bank.

---

[1]Defendants reliance on *Tresco, Inc. v. Continental Cas. Co.*, 727 F. Supp. 2d 1243 (D. N. M. 2010), for the proposition that the removing defendant's representation in the notice of removal that another defendant has consented to join in the removal was sufficient to effect removal, is unpersuasive. While such a practice may serve to make the representing defendant accountable to the court under Fed. R. Civ. P. 11, as reasoned in *Tresco*, it fails to bind on the record the allegedly consenting defendant. As the *Tresco* Court itself acknowledges, its holding runs "contrary to the weight of authority on this subject". *Id.* at 1254. *Compare State Farm Fire and Casualty Co. v. Dunn-Edwards Corp.*, 728 F. Supp 2d. 1273, 1277 (D. N. M. 2010)(noting that "the majority of circuit courts require written, timely consent from each defendant" and stating that "[i]f you represent a served, properly joined defendant who consents to a con-defendant's removal, you must sign the notice of removal on behalf of your client, file your own notice of removal, or file a notice of consent to removal within the thirty-day removal period"); *McEntire v. Kmart Corp.*, No. Civ.09-0567, 2010 WL 553443 at *5 (D.N.M. Feb. 9, 2010)("it is insufficient for the removing defendant, in its notice or removal, to represent that all other defendants consent to removal"); *McShares, Inc. V. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997)("[e]ach party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period"); *Prod. Stamping Corp. V. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis 1993)(favorably noting that the majority view is that "mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder"); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995)(citations omitted)("[s]tatements made in a removal petition concerning a co-defendant's position on removal are inappropriate without some form of filing by the co-defendant").

Requiring that a consenting defendant unambiguously signal joinder in the removal by signing the notice of removal, by filing its own notice of removal, or with a brief written statement consenting to removal fulfills the procedural requirement of unanimity. It is not burdensome. And having each consenting defendant state its consent for the record, removes any doubt for the court and for plaintiff of the clear intent of each party defendant. *Henderson v. Holmes*, 920 F. Supp. 1184 (D. Kan. 1996) set forth a similar rationale for requiring consent for each joining defendant.

> There are valid reasons for [the requirement of independent and unambiguous filing of consent]. Without such a filing, "there would be nothing on the record to 'bind' the allegedly consenting defendant." It serves the policy of insuring the unanimity necessary for removal. It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff.

Id. at 1187 n. 2 (citations omitted).

Defendants' position that at the time of removal U.S. Bank was not properly joined and that service on it was never clear is unpersuasive and rejected. As Plaintiffs note, they seek to establish the rights of all the named defendants relative to them and, therefore, U.S. Bank is not a nominal party with no real interest in the controversy. Additionally, Defendants' observation that service on U.S. Bank was never clear falls short

5

of adequately disputing that issue for purposes of the present motion.

### B. Complete Diversity

Having concluded that not all defendants timely consented to removal, the Court need not, and does not address Plaintiffs' position that because the Notice of Removal states that Plaintiffs are residents of Utah, rather than citizens of Utah, they have failed to allege diversity of citizenship.

### C. Fees and Costs

Under 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and expenses, including attorney fees. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objective reasonable basis exists, fees should be denied." Id. Because it appears that Defendants had an objectively reasonable basis for seeking removal, Plaintiffs' request for fees and costs is denied.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Remand (Doc. #8) is granted and this matter is remanded to the state court from which it was removed.

IT IS SO ORDERED

DATED this 26th day of April, 2011.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT